JOSEPH G. VIELBERTH, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 23726.)— The claimant-respondent on April 4, 1934, made application in writing to the Alcoholic Beverage Control Board for a license to sell liquor at retail in the city of New York. He was required and did pay as and for a license fee the sum of $600. His application for a license was granted on May 4, 1934. The licenses shall commence upon the date of their issuance and terminate upon the expiration of the interim period. There were a large number of applications before the Board. The Court of Claims has found that the license fee which should have been charged the claimant, computed at the rate of $1,200 per year for the term beginning May 4 and ending October 1, 1934, would have amounted to $494.50 and they have rendered judgment for $106.50. The statute in question makes no provision for a refund. The judgment should be reversed and the claim dismissed, with costs, upon the authority of *Maguire* v. *State of New York* (247 App. Div. 698), decided herewith. Judgment reversed, and claim dismissed, with costs, upon the authority of *Maguire* v. *State of New York* (247 App. Div. 698), decided herewith. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

WILLIAM H. HAWS CLAY PRODUCTS COMPANY, Respondent, v. EDWARD D. SMITH and CLARENCE P. AUSTIN, Appellants.— Defendants have appealed from a judgment in plaintiff's favor in the sum of $1,909.75 entered upon the verdict of a jury. The action was brought to recover damages for fraud and deceit. Plaintiff is a brick manufacturer. Both defendants are jobbers in brick and similar products. Smith operated as Smith Brick Company. Austin transacted business as Austin Clay Products Company. Austin was an officer of Binghamton Brick Company. Austin obtained an order from Charles Schultz & Son for 175,000 bricks. He placed this order with Smith. Smith in turn placed it with plaintiff. Both defendants advised plaintiff that Binghamton Brick Company was the purchaser. Both defendants concealed from plaintiff the fact that Schultz was the real purchaser. Both defendants had running accounts between themselves and both were indebted to plaintiff. Both defendants advised Schultz & Son that defendant Austin was the seller. Schultz & Son paid Austin. The merchandise delivered by plaintiff to Schultz was valued at $1,680. No part of that was paid except the sum of $400 which Austin paid plaintiff. The jury found that both defendants were guilty of fraud and deceit and the evidence amply sustains that finding. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.